**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN LANDERS,  )<br>             ) <br>        Plaintiff,  ) <br>             ) <br>   vs.       ) <br>             ) <br>MICHAEL J. ASTRUE,  ) <br>Commissioner of Social Security,  ) <br>             ) <br>        Defendant.  ) <br>_____ ) | 3:08-cv-00592-LRH (RAM)<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Plaintiff John Landers's Motion for Reversal of the Commissioner's Decision. (Doc. #18.) Defendant Commissioner opposed the motion. (Doc. #19.) There is no reply. After a thorough review, the court recommends that Plaintiff's motion be denied.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

At the time of the Commissioner's final decision, Plaintiff was a forty-four-year-old man who had completed high school, three years of college, and who had worked as a bartender, cable services technician, warehouse worker, and bottle line worker. (Tr. 21.) Plaintiff filed an application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on November 19, 2004, (Tr. 20) asserting that abdominal cancer and kidney stones caused him to be permanently and completely disabled since May 1, 2001. (Tr. 21.) The Commissioner

denied Plaintiff's applications initially and on reconsideration. (Tr. 82, 89.) On April 26, 2006, Plaintiff requested a hearing to challenge the Commissioner's determination. (Tr. 33.)

Plaintiff, represented by counsel, appeared and testified at the disability hearing on January 12, 2007. (Tr. 38-76.) The Administrative Law Judge (ALJ) followed the five-stage procedure for evaluating disability claims, set forth in 20 C.F.R. § 404.1520, and found Plaintiff could perform his past relevant work as a bartender and could perform jobs in fast food, housekeeping, or as cashier. (Tr. 23-24.) Accordingly, in the decision issued on March 23, 2007, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act. (*Id.* at 24.) Plaintiff appealed the decision, and the Appeals Council denied review. (Tr. 4-6, 14-16.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.* at 5.)

Plaintiff now appeals the ALJ's decision to the district court, in which he argues that the ALJ failed to properly evaluate Plaintiff's credibility. (Pl.'s Mot. for Reversal 4-6 (Doc. #18).)

## **II.  STANDARD OF REVIEW**

The court must affirm the ALJ's determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005)(internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F. 3d 748, 749 (9th Cir. 1995). "However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Id.* at 749. The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986); 20 C.F.R. § 404.1512(a). To meet this burden, a plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected … to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. §423 (d)(1)(A).

### III.  DISCUSSION

**A.  Sequential Process and ALJ Findings**

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987); *see* 20 C.F.R. §§ 404.1520, 416.920. If at any step the Social Security Administration (SSA) can make a finding of disability or nondisability, a determination will be made and the SSA will not further review the claim. *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).

In the first step, the Commissioner determines whether the claimant is engaged in "substantially gainful activity"; if so, a finding of nondisability is made and the claim is denied. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in substantially gainful activity, the Commissioner proceeds to step two. 20 C.F.R. §416.920(a).

The second step requires the Commissioner to determine whether the claimant's impairment or combinations of impairments are "severe." *Yuckert*, 482 U.S. at 140-41. An impairment is severe if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c). If a claimant's impairment is so slight that it causes no more than minimal functional limitations, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 404.1520. If, however, the Commissioner finds that the claimant's impairment is severe, the Commissioner proceeds to step three.

In the third step, the Commissioner determines whether the impairment is equivalent to one of a number of specific impairments listed in 20 C.F.R. pt. 404, subpt. P, app.1 (Listed

Impairments). The Commissioner presumes the Listed Impairments are severe enough to preclude any gainful activity. 20 C.F.R. § 416.925(a). If the claimant's impairment meets or equals a listed impairment and is of sufficient duration, the claimant is conclusively presumed disabled. 20 C.F.R. § 404.1520(d). If the claimant's impairment is severe, but does not meet or equal a listed impairment, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can still do past relevant work, then he or she is not disabled for purposes of the Act. 20 C.F.R. § 404.1520(f). If, however, the claimant cannot perform past relevant work, the burden shifts to the Commissioner, *Yuckert*, 482 U.S. at 144, to establish, in step five, that the claimant can perform work available in the national economy. *Id.* at 141-42; *see* 20 C.F.R. §§ 404.1520(e), 404.1520(f), 416.920(e), 416.920(f). Application of steps four and five requires the Commissioner to review the claimant's residual functional capacity and the physical and mental demands of the work he or she did in the past. 20 C.F.R. § 404.1520(f),(g). "Residual functional capacity" (RFC) is what the claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545. If the claimant cannot do the work he or she did in the past, the Commissioner must consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work. *Id.* If the Commissioner establishes that the claimant can do other work which exists in the national economy, then he or she is not disabled. 20 C.F.R. § 404.1566.

In the present case, the ALJ applied the five-step sequential evaluation process and found, at step one, that Plaintiff had engaged in substantially gainful activity since his alleged onset date. (Tr. 23.) Despite this finding, the ALJ continued to step two of the sequential process. At step two, the ALJ found that the medical evidence showed that Plaintiff is severely impaired by status-post non-Hodgkins lymphoma, chronic diarrhea, and depression. (Tr. 23-24.) However, the ALJ found that Plaintiff does not have a severe mental impairment. (Tr. 22.) The ALJ concluded Plaintiff's impairments did not meet or equal the level of severity of

any impairments described in the Listed Impairments either individually or in combination. (Tr. 23.) At step four, the ALJ determined Plaintiff could perform his past relevant work as a bartender. (Tr. 23-24.) At step five, the ALJ found that Plaintiff could perform other work existent in significant numbers in the national economy in fast food, housekeeping, and as a cashier. (Tr. 24.)

## B.    Plaintiff's Credibility

Plaintiff argues that the ALJ failed to properly evaluate his credibility. (Pl.'s Mot. 4.) Plaintiff asserts that the ALJ did not adequately specify what component of Plaintiff's testimony the ALJ found incredible. (*Id.* at 5.) According to Plaintiff, the ALJ impermissibly rejected the Plaintiff's testimony in a general fashion. (*Id.*) Defendant contends that the ALJ provided sufficient rationale for discounting Plaintiff's subjective claims. (Def.'s Opp'n 6 (Doc. #19).) Defendant argues that the ALJ provided specific findings supported by the record for rejecting Plaintiff's allegations of subjectively disabling symptoms. (*Id.* at 7-9.)

A claimant's credibility becomes important at the stage where the ALJ assesses the claimant's RFC. *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001). Subjective symptom testimony may tell of greater limitations than medical evidence alone. *Id.* Thus, a claimant's credibility is often crucial to a finding of disability. *Id.* (citing Social Security Rule 96-7p (1996)).

In general, when deciding whether to accept or reject a claimant's subjective symptom testimony, an ALJ must perform two stages of analysis: an analysis under *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986) (the "*Cotton* test"), and an analysis of the credibility of the claimant's testimony regarding the severity of his or her symptoms. *Smolen*, 80 F.3d at 1281; *see also* 20 C.F.R. § 404.1529 (adopting two-part test). "If the claimant produces evidence to meet the *Cotton* test and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of his or her symptoms only by offering specific, clear, and convincing reasons for doing so." *Smolen*, 80 F.3d at 1281.

Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Bunnell v. Sullivan*, 947 F.2d 341,344 (9th Cir. 1991)(en banc). This test "imposes only two requirements on the claimant: (1) [he or] she must produce objective medical evidence of an impairment or impairments; and (2) [he or] she must show that the impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of symptom." *Smolen*, 80 F.3d at 1282 (emphasis in original); *see also* 20 C.F.R. § 404.1529(a)-(b).

An ALJ's credibility findings are entitled to deference if they are supported by substantial evidence and are "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's [symptom] testimony.'" *Bunnell*, 947 F.2d at 345-346 (quoting *Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991)). When analyzing credibility, an ALJ may properly consider medical evidence in the analysis. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects"); *see also Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2003)(holding ALJ properly determined credibility where claimant's testimony was contradictory to and unsupported by objective medical evidence). An ALJ may consider various factors in assessing the credibility of the allegedly disabling subjective symptoms, including: daily activities; the location, duration, frequency and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication taken to alleviate symptoms; treatment, other than medication, received for relief of symptoms; any measures a claimant has used to relieve symptoms; and other factors concerning functional limitations and restrictions due to symptoms. 20 C.F.R. § 404.1529(3)(i)-(vii).

Here, there is no dispute that Plaintiff produced objective evidence in the record of impairments to his digestive system, which could have given rise to Plaintiff's symptoms and functional limitations. As a result, the ALJ was required to make credibility findings as to Plaintiff's own testimony. Because there is no evidence of malingering, the ALJ was required to give clear and convincing reasons in support of his adverse credibility finding.

The ALJ found that Plaintiff retained a RFC that allows him to occasionally lift and carry twenty pounds, to frequently lift and carry ten pounds, to stand and walk for six hours in an eight-hour work day, and to sit for six hours in an eight-hour work day "with the need for reasonable access to [the] restroom." (Tr. 21.) The ALJ found that Plaintiff's testimony establishing greater limitations that those included in Plaintiff's RFC were not entirely credible. (Tr. 22.) Specifically, the component of Plaintiff's symptom testimony that conflicts with the RFC found by the ALJ pertains to the extent that Plaintiff must access the bathroom because of his chronic diarrhea. The ALJ concluded in formulating Plaintiff's RFC that Plaintiff would require "reasonable access to [the] restroom." (Tr. 21.) Plaintiff argues that his testimony suggests that he requires more than reasonable use of the bathroom because he requires numerous unscheduled bathroom breaks throughout the workday. (Pl.'s Mot. 6.) The ALJ concluded that the inconsistencies in Plaintiff's testimony regarding his work history, the medical record and opinion of Dr. Edward Simon, and the inconsistencies between Plaintiff's daily activities and Plaintiff's allegations show that Plaintiff's "self-reported inability to function is out of proportion with his demonstrated capacity." (Tr. 22.)

The ALJ properly provided specific, clear, and convincing reasons supported by substantial evidence for making an adverse credibility determination. The ALJ found Plaintiff's testimony not credible for three permissible reasons. First, the ALJ found Plaintiff's testimony regarding his prior work experience was inconsistent. (Tr. 22.) "In assessing the claimant's credibility, the ALJ may use 'ordinary techniques of credibility evaluation,' such as considering the claimant's reputation for truthfulness and any inconsistent statements in her testimony." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001)(quoting *Fair v. Bowen*, 885 F.2d

7

597, 604 n. 5 (9th Cir. 1989)).  The ALJ noted that Plaintiff initially reported his last day of work as May 1, 2001, but later told Dr. Simon he worked in 2002, and an earnings record showed earnings in 2003.  (Tr. 22.)

Second, in finding Plaintiff's testimony not credible, the ALJ pointed to (1) the medical record showing that Plaintiff's condition is stable with medications, and (2) Dr. Simon's opinion that Plaintiff's "subjective complaints were somewhat greater than the physical examination." (*Id.*)  While a claimant is not required to provide objective medical evidence affirmatively proving the severity of his symptoms, an ALJ may reject a claimant's statements about the severity of his symptoms if those statements are inconsistent with or contradicted by objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991); see *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995).  Morever,  an ALJ may rely on a consulting examiner's opinion, which standing alone constitutes substantial evidence, because it rests on the examiner's own independent examination of the claimant.  *Tonapetyan*, 242 F.3d at 1149. Here, the ALJ determined, albeit somewhat implicitly, that the medical evidence and Dr. Simon's opinion contradicted Plaintiff's testimony about the severity of his diarrhea.

Third, the ALJ concluded that Plaintiff's daily activities were inconsistent with his allegations. (Tr. 22.)  "[I]f the claimant engages in numerous daily activities involving skills that could be transferred to the workplace, an adjudicator may discredit the claimant's allegations upon making specific findings relating to the claimant's daily activities. *Bunnell*, 947 F.2d at 346 (9th Cir. 1991). The ALJ determined that Plaintiff "leads a fairly active lifestyle and does not seem too motivated to work." (Tr. 22.) The ALJ noted that Plaintiff, among other things, played in a band with his girlfriend, did household chores, grocery shopped, took walks, drove his car, golfed, enjoyed scuba diving, and attended concerts. (*Id.*) The ALJ found these daily activities to exceed the limitations that form the basis of Plaintiff's claim. (*Id.*)

In sum, the ALJ properly supported and adequately explained his adverse credibility determination.  Though perhaps none of these reasons by itself would be clear and convincing, collectively they provide a sufficient basis for discrediting Plaintiff's testimony. *See Tommasetti*

*v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (upholding adverse credibility determination where the "ALJ provided several permissible reasons").  After carefully reviewing the record as a whole, the district court should find there is substantial evidence to support the ALJ's determination.

### IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal of the Commissioner's Decision (Doc. #18) be **DENIED** and that decision of the ALJ be **AFFIRMED**.

DATED:  May 3, 2010.

_____
UNITED STATES MAGISTRATE JUDGE